1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  PAUL WINFIELD,

12          Plaintiff,                    No. 2:13-cv-0176 AC P

13      vs.

14  JERRY BROWN,                          ORDER and

15          Defendants.                   FINDINGS AND RECOMMENDATIONS

16  _____/

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

18  to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis.

19          28 U.S.C. § 1915 permits any court of the United States to authorize the

20  commencement and prosecution of any suit without prepayment of fees by a person who submits

21  an affidavit indicating that the person is unable to pay such fees.  However,

22          [i]n no event shall a prisoner bring a civil action or appeal a
            judgment in a civil action or proceeding under this section if the
23          prisoner has, on 3 or more prior occasions, while incarcerated or
            detained in any facility, brought an action or appeal in a court of
24          the United States that was dismissed on the grounds that it is
            frivolous, malicious, or fails to state a claim upon which relief may
25          be granted, unless the prisoner is under imminent danger of serious
            physical injury.

26

1

1  28 U.S.C. § 1915(g).

2      The plain language of the statute (§ 1915(g)) makes clear that a prisoner is

3  precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought

4  three frivolous actions and/or appeals (or any combination thereof totaling three).  See

5  Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  28 U.S.C. § 1915(g) should be used to

6  deny a prisoner's in forma pauperis status only upon a determination that each action reviewed

7  (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous,

8  malicious or for failure to state a claim.  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

9      In a recent case, Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011), the Ninth

10  Circuit held that a district court strike was not final until an appeal had been resolved.

11      A review of the court's records reflects that plaintiff's in forma pauperis status

12  was revoked as three strikes barred in Winfield v. Schwarzenegger, Case No. 2:09-cv-0636 JAM

13  KJN, on January 25, 2011.[1]  Also, on October 31, 2012, plaintiff's motion to proceed in forma

14  pauperis was denied as three strikes barred in Winfield v. Rappoport, et al., Case No. 2:12-cv-

15  2387 WBS AC P.

16      The undersigned additionally notes that, since 1991, plaintiff has filed at least 31

17  civil rights cases in the United States District Court for the Eastern District of California.  The

18  undersigned finds that the following actions constitute strikes under 28 U.S.C. § 1915(g):

19      Winfield v. Davis, Case No. 2:03-cv-0101 FCD PAN P - June 9, 2003 case

20  dismissed for failure to state a claim under 42 U.S.C. § 1983.

21      Winfield v. Katcher, et al., Case No. 2:03-cv-2064 GEB GGH P - June 24, 2005

22  case dismissed for plaintiff's repeated failure to state a claim.

23      Winfield v. Downing, Case No. 2:06-cv-0391 GEB JFM P - March 16, 2007 case

24

25      [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp.,
80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S.
26  1126 (1981).

1  dismissed for plaintiff's failure to state a claim upon which relief may be granted.  Appeal

2  dismissed for failure to prosecute on July 13, 2007.

3  　　　　Winfield v. Suliven, et al., Case No. 2:07-cv-0828 LKK EFB P - April 16, 2008

4  case dismissed for plaintiff's failure to state a claim.

5  　　　　No appeals are pending in the above cited cases and the time to file appeals has

6  passed.

7  　　　　Plaintiff's motion reads that he is seeking an "exception" because he no longer

8  has anyone sending him money orders or checks.  See Doc. No. 2 at 4.  However, the instant

9  case is not subject to the exception for plaintiff subject to "imminent danger of serious physical

10  injury."  28 U.S.C. § 1915(g).  Instead, plaintiff alleges that the current governor of California

11  has violated his Eighth Amendment rights: (1) because state prisons do not sell tobacco products;

12  and (2) because the parole board denied plaintiff's parole for fifteen years.  See Doc. No. 1 at 3.

13  Plaintiff seeks $60 million in damages from Gov. Brown.  Id.  Plaintiff concedes that he has not

14  exhausted these allegations.  Id. at 2.

15  　　　　Plaintiff's tobacco claims are not colorable.  LaFaele v. Schwarzenegger, 369

16  Fed. Appx. 862 (9th Cir. 2010).  In addition, it is unclear if plaintiff's parole denial claims are

17  reviewable under 42 U.S.C. § 1983 or if they must instead be brought in a petition for writ of

18  habeas corpus, because plaintiff does not describe what, precisely, defendant did to violate

19  plaintiff's Eighth Amendment rights when the parole board denied parole for 15 years.  See, e.g.,

20  Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004); Bostic v. Carlson, 884 F.2d 1267 (9th Cir.

21  1988).

22  　　　　Furthermore, plaintiff's only link between the violations and the defendant is that

23  "Jerry Brown is a excessary [sic] to the fact of what Arnold Schwarzenegger is in violation of an

24  8 amendment violation."  Id. at 3.

25  　　　　Plaintiff is therefore not entitled to an exception, as his allegations against

26  defendant Gov. Brown do not demonstrate that he was facing imminent danger of serious

3

1  physical injury at the time he filed the complaint.  See Pettus v. Morgenthau, 554 F.3d 293, 297

2  (2d Cir. 2009) (holding that there must be a nexus between the imminent danger a three-strikes

3  prisoner alleges to obtain IFP status and the legal claims asserted in the complaint); Andrews v.

4  Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the

5  filing of the complaint that matters for the purposes of the 'imminent danger' exception under §

6  1915(g)").

7          Plaintiff's motion to proceed in forma pauperis should accordingly be denied,

8  pursuant to 28 U.S.C. § 1915(g), and plaintiff should be directed to pay the filing fee in full

9  within 28 days, failing which, the case be dismissed.

10          In accordance with the above, IT IS HEREBY ORDERED that a district judge be

11  assigned to this case.

12          IT IS HEREBY RECOMMENDED that plaintiff's motion to proceed in forma

13  pauperis (ECF No. 2) be denied for the reasons set forth above, and that, if these findings and

14  recommendations are adopted, plaintiff be ordered to pay the filing fee in full within 28 days,

15  failing which, the case be dismissed.

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

18  eight (28) days after being served with these findings and recommendations, any party may file

19  written objections with the court and serve a copy on all parties.  Such a document should be

20  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

21  objections shall be served and filed within twenty-eight (28) days after service of the objections.

22  The parties are advised that failure to file objections within the specified time may waive the

23  ////

24  ////

25  ////

26  ////

4

1   right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2   DATED: February 4, 2013.

3

4                                                            ALLISON CLAIRE
                                                             UNITED STATES MAGISTRATE JUDGE

5

6

    AC:rb/winf0176.ifp
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26